CASE NO. 20-16408

IN THE

# United States Court of Appeals
## for the Ninth Circuit

———————————

NSO GROUP TECHNOLOGIES LTD. ET AL.,

*Defendants-Appellants,*

v.

WHATSAPP INC. ET AL.

*Plaintiffs-Appellees.*

———————————

On Appeal from the United States District Court,
Northern District of California, Case No. 4:19-cv-07123-PJH

---

**MOTION OF ACCESS NOW, AMNESTY INTERNATIONAL, COMMITTEE TO PROTECT JOURNALISTS, INTERNET FREEDOM FOUNDATION, PARADIGM INITIATIVE, PRIVACY INTERNATIONAL, RED EN DEFENSA DE LOS DERECHOS DIGITALES, AND REPORTERS WITHOUT BORDERS FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF APPELLEES' REQUEST FOR AFFIRMANCE**

---

Stephanie Skaff (SBN 183119)
Deepak Gupta (SBN 226991)
Kyle A. McLorg (SBN 332136)
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400 Telephone
(415) 954-4480 Facsimile
*Attorneys for Amici Curiae*

38235\13665872.2

Amici Curiae Access Now, Amnesty International, Committee to Protect Journalists, Internet Freedom Foundation, Paradigm Initiative, Privacy International, Red en Defensa de los Derechos Digitales, and Reporters Without Borders respectfully move this Court, pursuant to FEDERAL RULE OF APPELLATE PROCEDURE 29, for leave to file the attached brief amici curiae in support of Appellees and affirmance. Amici sought consent to file this brief from both parties. Appellees WhatsApp Inc. and Facebook Inc. ("WhatsApp") consented. Appellants NSO Group Technologies Limited and Q Cyber Technologies Limited ("NSO") did not consent. A copy of the proposed amici curiae brief is filed herewith.

Amici are eight international non-governmental organizations that support civil society actors and their efforts around the world, with interests in advancing and protecting fundamental human rights, including digital privacy rights, free expression, and press freedom. The outcome of this appeal impacts the interests of these Amici significantly, as Appellants' surveillance technology threatens to undermine each of Amici's efforts and goals.

Amici concur with the Appellees' arguments in support of affirmance, but do not repeat them here. Rather, Amici seek leave to submit the proposed brief to provide the Court with a perspective on Appellants' actions unique to that of the parties and other Amici. Specifically, Amici's brief provides empirical information regarding the impact that Appellants' technology has had on civil society actors

38235\13665872.2                                    1

around the world, many of whom were targeted as a result of the WhatsApp breach and with whom Amici work directly. It sets forth the international law and guidance that applies to both Appellants and their customers to demonstrate how granting immunity undermines these international legal efforts. And it details the plethora of obstacles that have heretofore prevented surveillance victims from seeing justice in their home countries, further highlighting the importance of holding Appellants to account for their actions in American courts.

Courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Here, Amici "fulfill[] the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Their proposed brief can assist this Court "beyond what the parties provide" by "presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, C.J., in chambers). And it contributes to the Court's decision by "[p]roviding practical perspectives on the consequences of potential outcomes," "[s]upplying empirical data," and "[i]dentifying how other jurisdictions [including] foreign countries [] have approached one or another aspect of [the]

legal question" at issue. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020).

Accordingly, Amici respectfully requests that this Court grant leave to file the amicus curiae brief filed herewith.

Dated: December 23, 2020

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

By:  */s/ Kyle A. McLorg*
     Kyle A. McLorg

Attorneys for Amici Curiae Access Now, Amnesty International, Committee to Protect Journalists, Internet Freedom Foundation, Paradigm Initiative, Privacy International, Red en Defensa de los Derechos Digitales, and Reporters Without Borders

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020, I caused the forgoing Motion for Leave to File Brief of Amici Curiae Access Now, Amnesty International, Committee to Protect Journalists, Internet Freedom Foundation, Paradigm Initiative, Privacy International, Red en Defensa de los Derechos Digitales, and Reporters Without Borders in Support of Plaintiff-Appellee and Affirmance to be electronically filed with the Clerk of the Ninth Circuit using the CM/ECF System.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Kyle A. McLorg*
Kyle A. McLorg